# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

STACEY LYNN SHANAHAN,

    Petitioner,

v.                                                      Case No. 4:20-cv-267-AW/MJF

WARDEN K. STRONG,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Petitioner's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply with three court orders.[1]

## I. Background

Petitioner, a prisoner proceeding *pro se*, filed a "MOTION FOR HABEAS CORPUS REELIEF [sic] PURSUANT TO 28 USC § 2241." (Doc. 1). Petitioner did not pay the $5.00 filing fee and she did not file a motion for leave to proceed *in forma pauperis*. On May 21, 2020, the undersigned ordered Petitioner to pay the

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

$5.00 filing fee or submit a fully completed motion to proceed *in forma pauperis*. (Doc. 4 at 2). The undersigned provided Petitioner until June 11, 2020, to comply. (*Id.*). The undersigned warned Petitioner that failure to comply likely would result in dismissal of this action. Petitioner did not comply with the undersigned's order.

On June 29, 2020, the undersigned ordered Petitioner to show cause why this case should not be dismissed for: (1) failure to comply with a court order; (2) failure to prosecute; and (3) failure to pay the filing fee. (Doc. 7). The undersigned imposed a deadline of July 20, 2020, to comply. The undersigned again warned Petitioner that failure to comply likely would result in dismissal of this case. (*Id.*).

On July 16, 2020, Petitioner filed a response to the undersigned's order to show cause that stated, "my mother sent a $5.00 money order from Iowa on June 10, 2020." (Doc. 8 at 1). On August 18, 2020, after the clerk of the court notified the undersigned that Petitioner's payment had not been received, this court again ordered Petitioner to show cause why this case should not be dismissed. (Doc. 10). The undersigned imposed a deadline of September 1, 2020, to comply. (*Id.*). The undersigned again warned Petitioner that failure to comply likely would result in dismissal of this case. (*Id.*). As of the date of this report and recommendation, Petitioner has not complied with the undersigned's order to pay the filing fee and has not demonstrated good cause for these failures.

## II. Discussion

The undersigned recommends that this action be dismissed in light of Petitioner's failure to pay the filing fee and her failure to comply with three court orders.

**A.** **Failure to Pay the Filing Fee**

Rule 5.3 of the Local Rules for the Northern District of Florida provides that "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*. N.D. Fla. Loc. R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914.

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the petitioner an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002); *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, Rule 41.1 of the Local Rules of the United States District Court for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order.

Here, Petitioner neither paid the filing fee nor submitted a motion for leave to proceed *in forma pauperis*. The undersigned directed Petitioner to pay the filing fee or submit a completed motion to proceed *in forma pauperis* in accordance with the Local Rules for the Northern District of Florida and specifically warned Petitioner that her failure to do so likely would result in dismissal. (Docs. 4, 7, 10). Petitioner failed to pay the filing fee or submit a fully completed motion to proceed *in forma pauperis*. Despite the undersigned issuing two orders to show cause, Petitioner did not pay the filing feel and did not seek an extension of time to comply with the undersigned's order. Accordingly, pursuant to 28 U.S.C. § 1914 and the Local Rules, the undersigned recommends that this action be dismissed for failure to pay the filing fee.

B.    **Failure to Comply with Three Court Orders**

Petitioner's failure to comply with three court orders is yet another reason to dismiss this action. "A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc.*

*v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following six factors, among others:

**(1)  The duration of Petitioner's failure to comply.** On May 21, 2020, the undersigned ordered Petitioner to pay the filing fee or file a motion to proceed *in forma pauperis*. The undersigned imposed a deadline of June 11, 2020, to comply. Thus, Petitioner has failed to comply with that order since June 11, 2020.

**(2)  Petitioner's failure to comply with three court orders.** Petitioner has failed to comply with three court orders:

>    a.   the order issued on May 21, 2020;
>
>    b.   the order issued on June 29, 2020; and
>
>    c.   the order issued on August 18, 2020.

**(3) Petitioner received notice that failure to act likely would result in dismissal.** The undersigned warned Petitioner three times that failure to comply with the respective orders likely would result in dismissal. (Docs. 4, 7, 10). Despite these warnings, Petitioner has not complied with the undersigned's orders.

**(4) The proper balance between alleviating court calendar congestion and protecting Petitioner's right to due process and a fair chance to be heard.** Petitioner has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Petitioner may have in this case remaining pending and inactive.

**(5) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(6)  The fact that any lesser sanction would be inefficacious.** Based on Petitioner's prior conduct, it is likely that Petitioner would ignore future orders directing Petitioner to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Petitioner's failure to pay the filing fee and her failure to comply with three court orders.

2. The clerk of the court be directed to close the case file.

At Panama City, Florida this 10th day of September, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**